# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 10, 2026

```
* * * * * * * * * * * * * * * * * *
JESSICA PUCKETT, as Natural Guardian    *
and Legal Representative of E.P., a minor,    *       UNPUBLISHED
                                        *
            Petitioner,                 *       No. 20-1833V
                                        *
v.                                      *       Special Master Dorsey
                                        *
SECRETARY OF HEALTH                     *       Attorneys' Fees and Costs.
AND HUMAN SERVICES,                     *
                                        *
            Respondent.                 *
                                        *
* * * * * * * * * * * * * * * * * *
```

Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC for Petitioner.
Meghan Murphy, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 11, 2020, Jessica Puckett ("Petitioner"), as natural guardian and legal representative of E.P., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that E.P. suffered seizures as a result of diphtheria-tetanus-acellular pertussis ("DTaP") and measles, mumps, rubella, and varicella ("MMRV") vaccinations administered on December 14, 2017. Petition at Preamble (ECF No. 1). On April 16, 2025, the undersigned issued a decision based on stipulation. Decision Based on Stipulation dated Apr. 16, 2025 (ECF No. 97).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On October 15, 2025, Petitioner filed a motion for attorneys' fees and costs.  Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Mot."), filed Oct. 15, 2025 (ECF No. 102). Petitioner requests compensation in the amount of $61,929.25, representing $59,929.25 in attorneys' fees and costs to Turning Point Litigation and $2,000.00 for Petitioner's personally incurred costs.  Id. at 1.

Respondent filed his response on October 29, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Oct. 29, 2025, at 2 (ECF No. 103).  Petitioner filed a reply on October 29, 2025, stating "Petitioner concurs with Respondent's recommendation that Special Master Dorsey exercise her discretion and determine a reasonable award for attorney's fees and costs in this case."  Pet. Reply to Resp. Response ("Pet. Reply"), filed Oct. 29, 2025 (ECF No. 104).

The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of **$60,775.97**.

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3

F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F.3d at 1521.

### i.    Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel at Turning Point Litigation: for Ms. Nancy Meyers, $400.00 per hour for work performed in 2020, $430.00 per hour for work performed in 2021, $460.00 per hour for work performed in 2022, $490.00 per hour for work performed in 2023, and $530.00 per hour for work performed in 2024 and 2025; and for Mr. Tyler Nullmeyer, $315.00 per hour for work performed in 2024.  Petitioner also requests rates between $150.00 and $180.00 per hour for work of her counsel's paralegals from 2020 to 2025.

The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

### ii.    Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable.  However, the undersigned finds a small reduction necessary.

3

Petitioner's counsel, Ms. Meyers, and her paralegal billed for non-compensable tasks, including sending records to experts, filing documents, and preparing documents for filing.[3]  It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted.  See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").  The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus non-compensable.  See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same).  Filing exhibits are also considered administrative tasks.  See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

Additionally, Ms. Meyers and her paralegal engaged in duplicative billing practices on numerous occasions (i.e., both Ms. Meyers and her paralegal billed for "receipt and review" of the same filings),[4] which requires further reduction.  See, e.g., Young v. Sec'y of Health & Hum. Servs., No. 16-602V, 2017 WL 7360354, at *2 (Fed. Cl. Spec. Mstr. Aug. 31, 2017) (reducing a fee award for duplicative work performed by both the attorney and a paralegal).

These are not new issues to Ms. Meyers.  See, e.g., Gray ex rel. G.G. v. Sec'y of Health & Hum. Servs., No. 23-0461V, 2025 WL 2401994, at *2 (Fed. Cl. Spec. Mstr. July 18, 2025); Lisk v. Sec'y of Health & Hum. Servs., No. 18-1467V, 2025 WL 2218691, at *2 (Fed. Cl. Spec. Mstr. July 8, 2025); Greco v. Sec'y of Health & Hum. Servs., No. 20-1932V, 2024 WL 4930633, at *2-3 (Fed. Cl. Spec. Mstr. Nov. 6, 2024); Dileo v. Sec'y of Health & Hum. Servs., No. 16-1639V, 2019 WL 1149785, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2019).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen, 102 Fed. Cl. at 729.  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Saxton, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged so long as a "concise but clear" justification for the reduction is provided.  Abbott v. Sec'y of Health & Hum. Servs., 135 Fed. Cl. 107,111 (2017).  Special masters need not explain how many hours are appropriate.  Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 702 (2016).  "It

---

[3] For example, there are numerous billing entries non-compensable tasks including "submission" of filings to Court (i.e., filing documents); "compile" and "prepare" records/exhibits for expert and filing; and preparing Dropbox link for records.

[4] See, e.g., Pet. Mot. at 12 (duplicative entries for reviewing numerous orders between April 5 and April 7, 2021).  This is not an exhaustive list.

would be unreasonable, however, to expect the Special Master to explain how each individual entry affected [her] final calculation, as in conducting fee determinations tribunals 'need not, and indeed should not, become green-eyeshade accountants.'" Abbott, 135 Fed. Cl. at 112 (quoting Fox, 563 U.S. at 838).

The undersigned finds a reduction of attorneys' fees by 2% reasonable and appropriate. This results in a reduction of **$1,153.28**.[5]

### B.    Attorneys' Costs

Petitioner requests a total of $2,265.25 in attorneys' costs.  This amount is comprised of acquiring medical records, photocopies, shipping costs, legal research, and the minor settlement hearing.  The undersigned has reviewed the requested costs and finds them to be reasonable and will award them in full.

### C.    Petitioner's Costs

Petitioner requests $2,000.00 in costs for a retainer fee to Dr. Kinsbourne.  The undersigned has reviewed the requested costs and finds them to be reasonable and will award them in full.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

**Turning Point Litigation**:

| | |
|---|---|
| Requested Attorneys' Fees: | $57,664.00 |
| Reduction of Attorneys' Fees: | - $1,153.28 |
| Awarded Attorneys' Fees: | $56,510.72 |
| | |
| Requested Attorneys' Costs: | $2,265.25 |
| Reduction of Attorneys' Costs: | - $0.00 |
| Awarded Attorneys' Costs: | $2,265.25 |
| | |
| **Total Turning Point Litigation Fees and Costs:** | **$58,775.97** |

**Petitioner**:

| | |
|---|---|
| Requested Costs: | $2,000.00 |
| Reduction of Costs: | - $0.00 |
| **Awarded Petitioner's Costs:** | **$2,000.00** |

---

[5] $57,664.00 x 0.02 = $1,153.28.

**Petitioner is awarded attorneys' fees and costs in the total amount of $60,775.97[6] (representing $58,775.97 for Turning Point Litigation's fees and costs and $2,000.00 for Petitioner's personally incurred costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[7]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[6] After receipt, counsel shall disburse the funds appropriately. It is no longer the Court's practice to individually order checks to be disbursed to each person.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.